IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALL STAR CHAMPIONSHIP RACING, INC., <br>     Plaintiff, <br><br> vs. <br><br> O'REILLY AUTOMOTIVE STORES, INC., d/b/a O'REILLY AUTO PARTS, <br><br>     Defendant. | No. 11-cv-2160 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

Defendant, O'Reilly Automotive Stores, Inc. ("O'Reilly"), by and through its attorneys, HEPLERBROOM, LLC, moves for dismissal of Plaintiff's Complaint for the following reasons:

1.    Plaintiff alleges that for the 2007, 2008, and 2009 racing seasons of the All Star Circuit of Champions, Plaintiff and O'Reilly had a "Title Sponsor Agreement." Compl., ¶ 4-5 and exhibit A. Pursuant to that agreement, O'Reilly would, among other contractual duties, pay Plaintiff for Plaintiff to make O'Reilly the title sponsor of Plaintiff's racing series; Plaintiff was to make O'Reilly the title sponsor and conduct various other promotions of O'Reilly. Complaint, exhibits.

2.    Plaintiff further alleges that O'Reilly prepared a similar title sponsorship contract for the 2010, 2011, and 2012 racings seasons and that Plaintiff signed that agreement. Compl., ¶ 6 and exhibit B. Plaintiff avers that O'Reilly claims it never signed the 2010, 2011, and 2012 contract, *id.* ¶ 9, and Plaintiff fails to attach to the Complaint a contract for those years that is signed by O'Reilly.

1

3. With respect to the 2010, 2011, and 2012 seasons, Plaintiff alleges that "all elements of an express contract are present between Plaintiff and Defendant except, apparently, for the signature of Defendant on the contract." Compl. ¶ 15. Plaintiff's Complaint alleges that "[b]y the course of conduct between the parties, a contract implied in fact arose and Defendant should be held responsible for payment of the 2011 and 2012 seasons." Compl., ¶ 16. While Plaintiff alleges O'Reilly paid for the 2010 season (Compl. ¶ 10(A)), Plaintiff seeks to recover payment for both the 2011 and 2012 seasons. Compl. ¶ 17; prayer for relief.

4. Plaintiff is thus alleging that while there is no enforceable written agreement between the parties, the Court should find an implied contract exists between Plaintiff and whereby in 2010, O'Reilly agreed to pay Plaintiff for sponsorship for 2010, 2011, and 2012.

5. Illinois law requires any agreement that "is not to be performed within the space of one year from the making thereof" to be "in writing, and signed by the party to be charged therewith." 740 ILCS 80/1 ("No action shall be brought … upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized.")

6. The "implied contract" alleged by Plaintiff cannot be performed within one year. Plaintiff requests the Court to imply that a contract existed and exists for both parties to perform their obligations over a full three-year period. An agreement by Plaintiff to promote O'Reilly for three years cannot be performed in one year (nor can an agreement by Plaintiff to promote O'Reilly for the remaining two years of the alleged agreement, 2011 and 2012.) Plaintiff

2

concedes that there is no writing signed by O'Reilly, "the party to be charged." Accordingly, the Illinois statute of frauds bars Plaintiff's claim.

7.  Plaintiff may contend that the doctrine of part performance removes the alleged implied agreement from the statute of frauds. Indeed, Plaintiff's allegations suggest partial performance on its part. Compl. ¶¶ 7, 10, 11, 14, and 17. Under Illinois law, however, the partial performance "doctrine does not take an oral agreement outside the statute of frauds in an action at law." *First Nat. Bank in Staunton v. McBride Chevrolet, Inc.*, 267 Ill.App.3d 367, 373, 642 N.E.2d 138, 142 (Ill. App. Ct. 1994). Thus, where a party is seeking monetary damages for the other party's failure to honor an agreement for which they are claiming partial performance, as Plaintiff is here, the doctrine of partial performance "is not available to take the alleged agreement outside the operation of the statute of frauds." *Id.* at 374, 642 N.E.2d at 142-43. *See also Vuagniaux v. Korte*, 273 Ill.App.3d 305, 312, 652 N.E.2d 840, 845 (Ill. App. Ct. 1995) ("the doctrine of part performance is not applicable in actions at law for monetary damages, such as this case.")

8.  Here, Plaintiff's allegations of a three-year implied agreement without a written contract implicate the statute of frauds. Plaintiff's claim is an action at law seeking monetary damages. Therefore, the doctrine of partial performance does not save Plaintiff's claim.

9.  Plaintiff's Complaint states no plausible claim for relief against O'Reilly. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). Accordingly, Plaintiff's Complaint should be dismissed.

WHEREFORE, O'Reilly respectfully prays that the Court enter an Order dismissing Plaintiff's Complaint, awarding it costs, and granting such other and further relief in its favor as the Court deems just and proper.

Respectfully submitted,

HEPLERBROOM, LLC

By: */s/ Stephen R. Kaufmann*
Stephen R. Kaufmann, #03126728
Michael Patrick Murphy, #06284342
400 S. Ninth St., Suite 100
Springfield, IL 62701
(217) 528-3674 (telephone)
(217) 528-3964 (facsimile)
E-mail:  srk@heplerbroom.com
E-mail:  mpm@heplerbroom.com
Attorneys for Defendant, O'Reilly Automotive Stores, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2011, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John F. Bramfeld          jbramfeld@mcleodusa.net
115 North Neil, Suite 101
Champaign, IL 61820
*Attorney for Plaintiff*


*/s/ Stephen R. Kaufmann*