UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALL STAR CHAMPIONSHIP RACING, INC., ) <br> ) <br> Plaintiff, Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> O'REILLY AUTOMOTIVE STORES, ) <br> INC., doing business as O'REILLY ) <br> AUTO PARTS, ) <br> ) <br> Defendant, Counter-Claimant. ) | Case No. 11-2160 |

**OPINION**

This case is before the court for ruling on the Motion for Preliminary Injunctive Relief (#12) filed by the Counter-Claimant, O'Reilly Automotive Stores, Inc. ("O'Reilly). This court has carefully considered each of the filings by the parties. Following this careful and thorough review, Counter-Claimant O'Reilly's Motion for Preliminary Injunctive Relief (#12) is GRANTED.

**BACKGROUND**

Counter-Defendant, All Star Championship Racing, Inc. ("All Star"), which is in the business of organizing and conducting automobile racing throughout the United States, sells advertising rights to other companies for use in these automobile races. In 2006, O'Reilly entered into a contract with All Star in which O'Reilly agreed to be the title sponsor of All Star for the 2007, 2008 and 2009 racing seasons, a contract which

apparently was fully performed by both parties. At issue in this case is whether there was a valid contract entered into between All Star and O'Reilly for O'Reilly to remain the title sponsor of All Star for the 2010, 2011 and 2012 seasons. Although O'Reilly paid All Star for the 2010 racing season, O'Reilly decided that it would not renew the title sponsor contract for the 2011 and 2012 seasons. O'Reilly alleges that there was not a signed contract between the parties for the 2011 or 2012 racing seasons.

On May 23, 2011, All Star filed a complaint against O'Reilly for breach of contract in the Circuit Court of the Sixth Judicial Circuit in Douglas County, Illinois. On June, 24, 2011, O'Reilly filed a Notice of Removal (#1) with this court on the basis of diversity jurisdiction. On July 1, 2011, O'Reilly filed a Motion to Dismiss (#6) Pursuant to Rule 12(b)(6) and a supporting Memorandum of Law (#7). Additionally, on July 1, 2011, O'Reilly filed a Counterclaim (#8) against All Star alleging the following counts: (1) trademark infringement in violation of the Lanham Act; (2) false designation of origin in violation of the Lanham Act; (3) violation of the Illinois Uniform Deceptive Trade Practices Act; and (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Each of these counterclaims are based on the alleged continued use of O'Reilly's name, trademarks and service marks (collectively referred to hereinafter as "Marks") by All Star after January 19, 2011, when O'Reilly advised All Star that no contract or agreement was in place allowing All Star such use of the Marks.

On July 1, 2011, O'Reilly sent All Star a letter demanding that All Star "immediately cease and desist any and all further usage" of O'Reilly's protected Marks. On July 16, 2011, All Star posted a news update on its website which stated that the relationship with O'Reilly had ended and that it had removed all Marks from its website and promotional materials. However, All Star's website continued to have O'Reilly's Marks on its website and on promotional materials at races, which were captured in pictures posted on its website.[1]

On August 24, 2011, O'Reilly filed this Motion for Preliminary Injunctive Relief (#12). All Star filed its Response (#16) on September 22, 2011, after Magistrate Judge David G. Bernthal granted All Star leave to file a response. O'Reilly filed a Reply (#21) on September 28, 2011.

## ANALYSIS

Preliminary injunctive relief is appropriate only if the moving party is able to demonstrate the following: "(1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992) (internal quotations and citations omitted). If the moving party is able to establish these

---

[1] Moreover, this court notes that in spite of All Star's continued statements that it has removed all references to O'Reilly, as of September 29, 2011, All Star's website, amazingly, still contains references to O'Reilly. See http://ascoc.allstarsprint.com/ index.php?option=com_content&task=view&id=38&Itemid=70 (containing the caption "O'Reilly All Star Circuit of Champions Sponsors" at the top of the webpage).

prerequisites, the court must then also consider: "(3) the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." Id. at 11-12.

O'Reilly provided this court with detailed arguments, in its supporting Memorandum (#13), that each of the required elements for a preliminary injunction were present, and that a preliminary injunction was appropriate in this case after considering the balance of harms and the public interest. All Star, in its reply, did not contest that O'Reilly was likely to succeed on the merits of its counterclaim, but rather argued that the injunction should not be entered because: (1) there is no confusion from the use of O'Reilly's Marks because it is clear they are separate companies; and (2) the use of the marks did not cause O'Reilly any harm, but in fact was merely free advertising. All Star also seemed to focus on the fact that they did not intentionally misuse the Marks.[2]

First, this court finds that there is a strong likelihood that O'Reilly will succeed on the merits of its claim for trademark infringement.[3] To succeed on a claim of trademark

---

[2]This court does not doubt the truth of these statements—it does seem All Star's continued use of the Marks seems to be from simple carelessness and a lack of attention to detail—however carelessness is not a defense to trademark infringement.

[3]Although the remaining three claims contained in O'Reilly's counterclaim might be equally likely to succeed, the first claim is sufficient by itself to support a preliminary injunction, therefore the remaining three claims will not be considered in this opinion.

infringement, O'Reilly must demonstrate the following: (1) the validity of the mark; and (2) that "unauthorized use of the mark is likely to cause confusion, mistake or deception." Bunn-O-Matic Corp. v. Bunn Coffee Service, Inc., 88 F. Supp. 2d 914, 922 (C.D. Ill. 2000). It is uncontested that O'Reilly's Marks, as described in O'Reilly's Counterclaim (#8), are valid. Although All Star has argued that its use of the Marks is unlikely to cause confusion, insofar as people viewing the Marks would not confuse O'Reilly and All Star as the same entity, this argument is without merit. Obviously, the placement of the Marks indicate that O'Reilly is a continuing sponsor of All Star—thus there is sufficient confusion to satisfy a claim for trademark infringement. Second, this court finds that All Star has failed to rebut, and in fact does not contest, the presumption that this trademark infringement satisfies the second requirement for a preliminary injunction—namely that O'Reilly has no adequate remedy at law and will suffer irreparable injury if this court does not grant preliminary relief. See Eli Lilly & Co. v. Natural Answers, Inc., 233 F.3d 456, 469 (7th Cir. 2000).

Finally, this court finds that the balance of harms clearly favors entering a preliminary injunction in favor of O'Reilly. Here, All Star will not suffer any harm if an injunction is entered preventing it from utilizing O'Reilly's Marks because All Star fully acknowledges that it has no right to use the Marks in any fashion. Additionally, consideration of the public interest also favors entering a preliminary injunction in favor of O'Reilly. It is uncontested that there is a public interest in protecting against trademark infringement, even if that trademark infringement is unintentional. Moreover,

All Star has failed to explain how there might be any possible harm to the public interest if the preliminary injunction is entered, and this court cannot envision any such harm.

IT IS THEREFORE ORDERED THAT:

(1) Counter-Claimant O'Reilly Automotive Stores, Inc.'s Motion for Preliminary Injunctive Relief (#12) is GRANTED.

(2) Counter-Defendant All Star is ordered to immediately discontinue use of all materials containing any O'Reilly trademarks or service marks.

(3) Counter-Defendant All Star is prohibited from creating any new materials containing any O'Reilly trademarks or service marks.

ENTERED this 30th day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE