UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| ALL STAR CHAMPIONSHIP RACING, INC., )<br>Plaintiff, )<br>v. )<br>)<br>O'REILLY AUTOMOTIVE STORES, INC.,)<br>d/b/a O'Reilly Auto Parts, )<br>)<br>Defendant. ) | Case No. 11-2160 |

# REPORT AND RECOMMENDATION

In June 2011, Defendant O'Reilly Automotive Stores, Inc. (hereinafter "O'Reilly") filed and served Plaintiff All Star Championship Racing, Inc. (hereinafter "All Star") with a Notice of Removal and Demand for Jury Trial (#1) from the Sixth Circuit of Illinois. In O'Reilly's Notice of Removal, it alleges that All Star is incorporated and has its principal place of business in Illinois while O'Reilly is incorporated and has its principal place of business in Missouri. (#1, p. 2). O'Reilly also alleges that the amount in controversy is in excess of $75,000. Federal jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Upon the filing of Plaintiff's complaint and Defendant's Notice of Removal, Defendant filed a Motion to Dismiss Pursuant to Rule 12(b)(6) (#6). In September 2011, Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (#15). Subsequently, in September 2011, Defendant filed Defendant, O'Reilly Automotive Stores, Inc.'s, Reply to Plaintiff's Response to Motion to Dismiss (#20). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) **(#6)** be **GRANTED.**

### I. Background

The following recitation of facts is based on Plaintiff All Star's complaint (#1-1). Plaintiff All Star Championship Racing, Inc. is an Illinois corporation that organizes and conducts automobile racing. Plaintiff is also in the business of selling advertising rights to other

companies for use during the races. Defendant O'Reilly Automotive Stores, Inc. is a Missouri corporation. Plaintiff alleges and Defendant does not appear to contest the fact that Defendant had previously purchased advertising rights from Plaintiff for the 2007, 2008, and 2009 seasons.

In May 2011, Plaintiff filed suit in Douglas County, Illinois, seeking payment for advertising rights associated with an alleged contract between Plaintiff and Defendant for the 2010, 2011, and 2012 racing seasons. Plaintiff claims that Defendant mailed a document to Plaintiff, which Plaintiff signed and returned by mail to Defendant. Plaintiff claims that by the terms of the document, it became obligated to, and did, place Defendant's name in a prominent position on virtually every communication and item of advertising, all of which was allegedly first approved by Defendant. Plaintiff prepared and arranged for advertising on behalf of Defendant for the 2010 racing season, for which Defendant allegedly made payment by check from "O'Reilly Auto Parts" on January 22, 2010. In September 2010, Plaintiff claims to have booked additional shows with Defendant as its primary sponsor. In November 2010, Plaintiff allegedly first heard that "Defendant considered that the contract was not in force and effect, and in fact that Defendant had never signed the contract." (#1-1, p. 3). Plaintiff claims that, notwithstanding whether Defendant actually signed the document, the parties "intended to contract for services to be rendered to Plaintiff and to be paid for by Defendant" for the 2010, 2011, and 2012 racing seasons as set out in Exhibit B of Plaintiff's complaint. (#1-1, p. 4, ¶11; #1-1, Ex. B). Furthermore, Plaintiff alleges that the course of conduct between the parties gave rise to an implied contract, under which Defendant should be responsible for the payments due for the 2011 and 2012 racing seasons. (#1-1, p. 4).

Defendant has filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (#6). In its motion, Defendant claims that Plaintiff's complaint states no plausible claim for relief against Defendant because it is barred by the statute of frauds under 740 ILCS 80/1.

2

## II. Standard

Defendant's motion to dismiss seeks dismissal under FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of he case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate only if Plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III. Analysis

Defendant argues that the alleged contract with Plaintiff is unenforceable under the Illinois statute of frauds. In support of its claim, Defendant emphasizes certain relevant facts, many of which are also mentioned by Plaintiff in its complaint. Specifically, the alleged

contract: a) purports to create a three-year contractual period during which the parties would have obligations to one another; and b) is unsigned by Defendant, the party against whom enforcement is sought.

Here, Plaintiff claims that it is entitled to relief because the behavior of the parties gave rise to a legally enforceable contract implied in fact. Plaintiff argues that the enforceability of implied contracts is not restricted by or otherwise subject to the statute of frauds. Defendant maintains that the statute of frauds is "a defense to an alleged contract implied in fact." (#20, p. 2). Defendant then reaffirms its argument that the statute of frauds applies to and bars the enforcement of the alleged contract at issue in this case.

Thus, the issues this Court must address are: 1) whether the statute of frauds is a defense to enforcement of an implied contract; and 2) whether the alleged contract is unenforceable under the statute of frauds.

*1. Is the statute of frauds a defense to the enforcement of an implied contract?*
As an initial matter, Plaintiff notes that "[a]ll of the elements of an express contract are present between Plaintiff and Defendant except . . . the signature of the Defendant . . . ." (#1-1, p. 4). Illinois courts have held that "[t]he only difference between an implied contract and an express contract is that an express agreement is derived from an actual agreement, either verbal or written, and a contract implied in fact is inferred by consideration of the facts and conduct of the parties." *In re Marriage of Bennett*, 587 N.E. 2d 577, 580 (Ill. App. Ct. 1992). Although a contract implied in fact must contain all elements of an express contract, the principle is well-established that "there cannot be both an express and implied agreement [between the same parties] in reference to the same matter." *Borrowdale v. Sugarman*, 107 N.E.2d 45 (Ill. App. Ct. 1952). According to the Plaintiff's complaint, there is a written document that purports to be an express contract between the parties for advertising services for the 2010, 2011, and 2012 racing seasons. In such circumstances, the document that Plaintiff asks the court to enforce as an

4

implied contract could properly characterized as an express contract that lacks a signature. Accordingly, this Court has reservations about accepting as true Plaintiff's characterization of the document as an implied contract.

Nevertheless, characterizing the agreement as an implied contract does not alter the fact that the Plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged.[1] Defendant argues, on the basis of statutory interpretation and Illinois case law, that the statute of frauds is a defense to the enforcement of an implied contract. (#20, p. 2). Plaintiff responds that "[t]his suggestion . . . is not supported by any citation to case law," and, therefore, that "[t]here is no such limitation on contracts implied at law." (#15, p. 2). The Illinois courts have had several occasions to consider this issue and have consistently held that the statute of frauds is a defense to the enforcement of implied contracts.[2] Most recently, in *Palmateer v. Int'l Harvester Co.*, 406 N.E.2d 595 (Ill. App. Ct. 1980), the court found that an implied contract between the parties was "not sufficient" and was "unenforceable under the Statute of Frauds."[3] *Id.* at 597. The court explained that "even if there were an implied contract . . ., it would be unenforceable" under the statute of frauds. *Id.* The forgoing analysis suggests that, so long as

---

[1] The Defendant also addressed the issue of part performance, concluding that the doctrine does not take the agreement outside the statute of frauds in an action at law. (#7, p. 3). Although Defendant's argument is supported by ample case law, this Court declines to address this line of reasoning because Plaintiff has indicated that its complaint does not plead or rely upon the doctrine of part performance. (#15, p. 2).

[2] Among the several cases to discuss the relationship between the statute of frauds and implied contracts, the opinion in *Booker v. Wolf*, 63 N.E. 265 (Ill. 1902), is perhaps the clearest in its analysis of the issue. The court found that the implied contract between the parties "was voidable at the will of the defendants, and being voidable, under the statute [of frauds], at their election, nothing more was required than notice by the defendants . . . that they did not intend to perform it." *Id.* at 265. *See also Howat v. Int'l Union United Mine Workers of Am.*, 10 N.E.2d 367 (Ill. App. Ct. 1937); *Taft v. Herley*, 211 Ill. App. 369, 369 (1918). The Seventh Circuit heard a case in which the defendant sought to use the statute of frauds as a defense to the enforcement of an implied contract, but the court ultimately decided the matter on other grounds. *See Malcak v. Westchester Park Dist.*, 754 F.2d 239 (7th Cir. 1985).

[3] *Palmateer* was later affirmed in part and reversed in part on grounds unrelated to the issues presented in this case. *See Palmateer v. Int'l Harvester Co.*, 421 N.E.2d 876 (Ill. 1981).

the necessary elements under the statute of frauds are present, Plaintiff would not be able to demonstrate that the existence of an implied contract would plausibly entitle him to relief.

*2. Is the alleged contract unenforceable under the statute of frauds?*

Given the analysis above, it remains for this Court to consider whether the necessary elements of the statute of frauds are present in this case. As codified, the Illinois statute of frauds provides:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise or agreement . . . shall be in writing, and signed by the party to be charged therewith . . . .

740 ILCS 80/1.

On the basis of the facts set out in Plaintiff's complaint, the alleged contract is an agreement not to be performed within the space of one year, as it relates to the 2010, 2011, and 2012 racing seasons, and, although in writing, is not signed by Defendant, the party to be charged therewith. Consequently, the statute of frauds applies to this alleged contract and bars the enforcement thereof.

### IV. Summary

Viewing the record in the light most favorable to Plaintiff, this Court finds the alleged contract, even when characterized as an implied contract, is unenforceable because of the statute of frauds. Consequently, Plaintiff would not plausibly be entitled to relief under the theory of implied contract–the only theory advanced in and consistent with its complaint. Therefore, this Court recommends that Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) **(#6)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.

See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 1st day of November, 2011.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE