# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| ALL STAR CHAMPIONSHIP ) | |
| RACING, INC., ) | |
| ) | |
| Plaintiff, Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 11-2160 |
| ) | |
| O'REILLY AUTOMOTIVE STORES, INC., ) | |
| doing business as O'REILLY ) | |
| AUTO PARTS, ) | |
| ) | |
| Defendant, Counter-Claimant. ) | |

## ORDER

On November 1, 2011, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#28) regarding Defendant O'Reilly Automotive Stores, Inc.'s Rule 12(b)(6) Motion to Dismiss (#6). Judge Bernthal recommended that this court dismiss Plaintiff All Star Championship Racing, Inc.'s complaint pursuant to Rule 12(b)(6), explaining in great detail why the alleged implied three-year sponsorship contract—the sole basis of Plaintiff's complaint—is unenforceable due to the impact of the statute of frauds. Judge Bernthal's Recommendation concluded with the following statement:

> The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

Morever, Local Rule 72.2(B) provides the following directions for objecting to a magistrate judge's report and recommendation:

> Any party may object to a magistrate judge's report and recommendation by filing an objection in accordance with Fed. R. Civ. P. 72(b) within 14 days after service thereof. Such objection must specifically identify the portions of the report and recommendation to which objection is made and the basis for the objection and must be accompanied by a memorandum of law in support of the objection. . . . Failure to file an objection to a report and recommendation constitutes waiver of further review of the issue.

Federal Rule of Civil Procedure 72(b) similarly provides that a party, within 14 days after being served with a copy of a recommendation, "may serve and file *specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b) (emphasis added).

On November 11, 2011, Plaintiff filed a Response (#29) to Judge Bernthal's Report and Recommendation. The Response (#29), in its entirety, was as follows:

> COMES NOW Plaintiff All Star Championship Racing, Inc. by its Attorney John F. Bramfeld and for its response to the Magistrate's Report and Recommendation dated November 1, 2011, requests that if said recommendation is accepted by the Court in this matter, that Plaintiff be given leave to file an amended complaint in this cause.

This Response (#29), although certainly filed within 14 days, appears to this court to be simply a concession that Judge Bernthal's Report and Recommendation (#28) was correct in all respects. Clearly, Plaintiff's Response: (1) failed to indicate that it was an objection; (2) failed to specifically identify any portion of the Report and Recommendation that Plaintiff objected to; (3) failed to contain a basis for any objection; and (4) was not accompanied by a memorandum in support of any objection. Therefore, because Plaintiff failed to file any specific written objection, as allowed by Federal Rule of Civil Procedure 72(b) and Local Rule 72.2(B), Plaintiff has waived any objection to the dismissal of its complaint on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). Moreover, after

a careful and thorough review, this court agrees with and accepts Judge Bernthal's Report and Recommendation (#28). Accordingly, this court agrees that Plaintiff's claim should be dismissed pursuant to pursuant Rule 12(b)(6).

The only issue remaining for this court is Plaintiff's request, contained in its Response (#29), for leave to file an amended complaint in this case. This request is denied for two reasons. First, the form of Plaintiff's request to amend its complaint—a passing reference contained in its Response (#29) to Judge Bernthal's Report and Recommendation—was improper. See Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996). Moreover, Plaintiff failed to explain to this court what amendment(s) to the complaint Plaintiff desires, leading this court to conclude that Plaintiff's request is futile.[1] See Guise v. BWM Mortg., LLC, 377 F.3d 795, 801 (7th Cir. 2004) ("[U]nder Rule 15, a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility.").

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#28) is accepted by this court.

(2) Defendant O'Reilly Automotive Stores, Inc.'s Rule 12(b)(6) Motion to Dismiss (#6) is GRANTED.

---

[1]Despite the apparent futility of Plaintiff's request at this point, Plaintiff is free to file a Motion for Reconsideration of this Order—only if Plaintiff has a legitimate, good faith basis, to amend its complaint in a manner which would have a substantial impact on this court's analysis of the enforceability of the three-year sponsorship contract. An example would be that Plaintiff actually found a signed contract for the years in question. Any further argument based on an implied contract theory will be denied, as Plaintiff has already waived this argument. Moreover, any such request should be a provided in a detailed memorandum of law which explains the proposed amended complaint and the reason why the alleged contract would be enforceable under this new theory.

3

(3) Plaintiff All Star Championship Racing, Inc.'s Complaint is DISMISSED WITH PREJUDICE.

ENTERED this 30th day of November, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE