E-FILED
Thursday, 15 March, 2012 02:56:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| ALL STAR CHAMPIONSHIP RACING, INC., ) ) | |
| Plaintiff, ) | |
| v. ) ) | Case No. 11-2160 |
| O'REILLY AUTOMOTIVE STORES, INC.,) d/b/a O'Reilly Auto Parts, ) ) | |
| Defendant. ) | |

# O R D E R

Plaintiff All Star Championship Racing, Inc. has submitted a Motion for Leave to File Amended Complaint and to Reconsider (#35). Defendant has filed Response for Leave to File Amended Complaint and to Reconsider (#37). For the reasons discussed below, the Court hereby **GRANTS** Plaintiff's motion for leave to file an amended complaint (#35). Though Plaintiff's amended complaint may not satisfy the requirements of diversity jurisdiction, which was the basis of this Court's subject matter jurisdiction, this concern has been rendered irrelevant by Defendant's counter-claim, which has raised a federal question. *See* 28 U.S.C. § 1331.

The Court issues this written order for the benefit of the parties to clarify confusion resulting from terminology used by the parties and the Court up to this point in the proceedings.

Plaintiff previously filed a complaint seeking to enforce the terms of a written document, purporting to be a three-year contract. Because the document was not signed by Defendant, this Court granted Defendant's motion to dismiss, finding Plaintiff's claim was barred by the statute of frauds. In an order adopting this Court's report and recommendation, Chief Judge McCuskey noted:

> Plaintiff is free to file a Motion for Reconsideration of this Order — only if Plaintiff has a legitimate, good faith basis, to amend its complaint in a manner which would have substantial impact on this court's analysis of the enforceability of the three-year sponsorship contract. An example would be that Plaintiff actually found a signed contract for the years in question. Any further argument based on an implied contract theory will be denied . . . .

(#34, p. 3). Chief Judge McCuskey then ordered that Plaintiff's original complaint be dismissed with prejudice.

Plaintiff has now filed a proposed amended complaint, relying on different facts and legal theories than the original complaint. Defendant responds that these claims are barred by the court's previous order. This Court grants Plaintiff's motion to amend because it is based on a different legal theory and different facts, and therefore is not barred by the Court's previous order.

Plaintiff's original complaint was based on a theory of "implied contract," and the Plaintiff sought to enforce the terms of a purported three-year sponsorship and promotion agreement, where a written contract containing the terms was not signed by Defendant. As defined in Black's Law Dictionary, an "implied contract" is defined as follows:

> An implied contract is one not created or evidenced by the explicit agreement of the parties, but inferred by the law, as a matter of reason and justice from their acts or conduct, the circumstances surrounding the transaction making it a reasonable, or even a necessary, assumption that a contract existed between them by tacit understanding.

BLACK'S LAW DICTIONARY 323 (6th ed. 1990). The concept of an "implied contract" overlaps with the concept of a contract "implied in fact," which is defined as "an agreement, founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in light of the surrounding circumstances, their tacit understanding." *Baltimore & Ohio Railroad Co. v. United States*, 261 U.S. 592, 597 (1923).

An implied contract is one that may be enforced in law, as opposed to enforced in equity. As this Court previously noted, "[t]he only difference between an implied contract and an express contract is that an express agreement is derived from an actual agreement, either verbal or written, and a contract implied in fact is inferred by consideration of the facts and conduct of the parties." *In re Marriage of Bennett*, 587 N.E. 2d 577, 580 (Ill. App. Ct. 1992). This Court found that even if there was an implied contract, it would be barred by the statute of frauds, just as an express contract lacking the signature of the party to be charged is unenforceable in this

2

case. (#28). In adopting this Court's Report and Recommendation, Chief Judge McCuskey specified the only circumstances under which the Court would entertain any further consideration of Plaintiff's claim "based on an implied contract theory." (#34, p. 3, fn. 1). In sum, this Court determined that Plaintiff failed to state a claim for any remedy in law, which was the only remedy sought in Plaintiff's original complaint. Stated another way, the Court concluded that there is no legally enforceable contract between these parties.

Plaintiff's proposed amended complaint is based on two distinct legal theories. The first is a theory of quasi-contract, sometimes referred to as a contract "implied in law." This is not a subset of the concept of an "implied contract," but rather an entirely distinct legal theory. Black's law dictionary defines "quasi contract" as follows:

> Legal fiction invented by common law courts to permit recovery by contractual remedy in cases where, in fact, there is no contract, but where circumstances are such that justice warrants a recovery as though there had been a promise. It is not based on intention or consent of the parties, but is founded on considerations of justice and equity, and on doctrine of unjust enrichment. It is not in fact a contract, but an obligation which the law creates in absence of any agreement, when and because the acts of the parties or others have places in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it. It is what was formerly known as the contract implied in law; it has no reference to the intentions or expressions of the parties. The obligation is imposed despite, and frequently in frustration of their intention.

BLACK'S LAW DICTIONARY 324 (6th ed. 1990). Plaintiff adequately states a claim in his proposed amended complaint by alleging that Plaintiff conferred a benefit on Defendant for advertising it received during the 2011 racing season in the amount of at least $25,000. Plaintiff continued with additional factual allegations regarding its promotion of Defendant on its website, promotional items, etc. (#35-1, p. 3-4). These factual allegations were absent from the original complaint.

Plaintiff's second legal theory in its proposed amended complaint is one of promissory estoppel or promissory fraud. Promissory estoppel is defined as "That which arises when there is a promise which promisor should reasonably expect to induce action or forbearance of a definite and substantive character on the part of promisee, and which does induce such action or forebearance, and such promise is binding if injustice can be avoided only be enforcement of promise." BLACK'S LAW DICTIONARY 1214 (6th ed. 1990). Promissory fraud is defined as "A promise to perform made at a time when the promisor has a present intention not to perform. It is a misrepresentation of the promisor's frame of mind and is, for that reason a fact which makes it the basis of an action for deceit. It is sometimes called common law fraud." BLACK'S LAW DICTIONARY 1214 (6th ed. 1990).

Plaintiff pleads facts in its proposed amended complaint to support this claim. Plaintiff notes that Defendant indicated it would not make any payment to Plaintiff until an express contract was signed, and then made payment, leading Plaintiff to believe the parties had entered an express contract when they had not. (#35-1, p. 2). Plaintiff further pleads that Defendant supplied to Plaintiff promotional items for giveaway by Plaintiff at the 2011 races. (#35-1, p. 3).

Finally, for further clarification, the Court notes that although Plaintiff has titled its motion as one for leave to file an amended complaint "and to reconsider," this Court has not treated Plaintiff's motion as a motion to reconsider. This has not been properly brought as a motion to reconsider, and even if it had, such a motion would be untimely. CD/IL-LR 7.1(B)(1). In its motion, Plaintiff states, "The now dismissed Count I asked the Court to find that a contract implied-in-fact existed, which contract would have effectively run for three years, more than one of which had not been completed." (#35-1, p. 1). This Count I, as Plaintiff refers to it, is still dismissed with prejudice, pursuant to the Court's previous order.

The Court hereby **GRANTS** Plaintiff's motion for leave to file an amended complaint. **(#35)**.

ENTER this 15th day of March, 2012.

                                                          s/ DAVID G. BERNTHAL
                                                          U.S. MAGISTRATE JUDGE